UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | FILED: MAY 5, 2008<br>No.  08CV 2559    NF |
| v. | ) ) | JUDGE MAG. GENERAL |
| LUIS ARZU, | ) ) | Judge MAGISTRATE JUDGE DENLOW |
| Defendant. | ) ) | |

## COMPLAINT

The United States, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, brings this action against the defendant, Luis Arzu, and for its cause of action states:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. The defendant resides within the Northern District of Illinois.

3. The defendant became indebted to the United States as set forth in the Certificate of Indebtedness and promissory note(s) or contract(s) attached as Exhibits "A" and "B" respectively.

4. Although demand has been made for payment, there remains due and owing the principal sum of $192,717.00 , plus interest calculated through March 15, 2008 in the sum of $44,650.79.  Interest continues to accrue at the rate of 9.00% per annum.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

a.     in the amount of $237,367.79, which represents  principal and interest due through March 15, 2008;

b.     interest to continue to accrue at the rate of 9.00% per annum until the date of judgment;

      c.      interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961 until paid in full;

      d.      costs of suit, including but not limited to, a filing fee of $350.00, as authorized by 28 U.S.C. § 1914(a), and

      e.      for such other proper relief as this court may deem just.

      Respectfully submitted,

      PATRICK J. FITZGERALD
      United States Attorney


      By: s/ Joseph A. Stewart
        JOSEPH A. STEWART
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 469-6008
        joseph.stewart@usdoj.gov

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH EDUCATION ASSISTANCE LOAN (HEAL) DEBT CALCULATION

| | | | | |
|---|---|---|---|---|
| LAST NAME: | ARZU | ACCOUNT # | 50159331 | |
| FIRST NAME: | LUIS | INTEREST RATE | 9.000% | |
| MIDDLE INIT. | A | BEG BALANCE | $192,717.00 | |
| S.S. #: | 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 | DAILY INT ACCRUAL | $47.52 | |

| DATE | TRANSACTION TYPE | TRANSACTION AMOUNT | INTEREST BALANCE | PRINCIPAL BALANCE |
|---|---|---|---|---|
| 11/22/2004 | BEGINNING BALANCE | | | 192,717.00 |
| 02/25/2005 | ACCRUED INTEREST | 4,514.33 | 4,514.33 | |
| 02/25/2005 | PAYMENT | 200.00 | 4,314.33 | 192,717.00 |
| 04/14/2005 | ACCRUED INTEREST | 2,280.92 | 6,595.25 | |
| 04/14/2005 | PAYMENT | 450.00 | 6,145.25 | 192,717.00 |
| 04/26/2005 | ACCRUED INTEREST | 570.23 | 6,715.49 | |
| 04/26/2005 | PAYMENT | 450.00 | 6,265.49 | 192,717.00 |
| 05/25/2005 | ACCRUED INTEREST | 1,378.06 | 7,643.54 | |
| 05/25/2005 | PAYMENT | 450.00 | 7,193.54 | 192,717.00 |
| 06/28/2005 | ACCRUED INTEREST | 1,615.65 | 8,809.20 | |
| 06/28/2005 | PAYMENT | 450.00 | 8,359.20 | 192,717.00 |
| 07/26/2005 | ACCRUED INTEREST | 1,330.54 | 9,689.74 | |
| 07/26/2005 | PAYMENT | 450.00 | 9,239.74 | 192,717.00 |
| 08/26/2005 | ACCRUED INTEREST | 1,473.10 | 10,712.84 | |
| 08/26/2005 | PAYMENT | 450.00 | 10,262.84 | 192,717.00 |
| 09/27/2005 | ACCRUED INTEREST | 1,520.62 | 11,783.45 | |
| 09/27/2005 | PAYMENT | 450.00 | 11,333.45 | 192,717.00 |
| 10/26/2005 | ACCRUED INTEREST | 1,378.06 | 12,711.51 | |
| 10/26/2005 | PAYMENT | 450.00 | 12,261.51 | 192,717.00 |
| 11/28/2005 | ACCRUED INTEREST | 1,568.14 | 13,829.65 | |
| 11/28/2005 | PAYMENT | 450.00 | 13,379.65 | 192,717.00 |
| 12/28/2005 | ACCRUED INTEREST | 1,425.58 | 14,805.22 | |
| 12/28/2005 | PAYMENT | 450.00 | 14,355.22 | 192,717.00 |
| 01/31/2006 | ACCRUED INTEREST | 1,615.65 | 15,970.88 | |
| 01/31/2006 | PAYMENT | 450.00 | 15,520.88 | 192,717.00 |
| 02/27/2006 | ACCRUED INTEREST | 1,283.02 | 16,803.90 | |
| 02/27/2006 | PAYMENT | 450.00 | 16,353.90 | 192,717.00 |
| 03/28/2006 | ACCRUED INTEREST | 1,378.06 | 17,731.96 | |
| 03/28/2006 | PAYMENT | 450.00 | 17,281.96 | 192,717.00 |
| 04/26/2006 | ACCRUED INTEREST | 1,378.06 | 18,660.02 | |
| 04/26/2006 | PAYMENT | 450.00 | 18,210.02 | 192,717.00 |
| 05/26/2006 | ACCRUED INTEREST | 1,425.58 | 19,635.59 | |
| 05/26/2006 | PAYMENT | 450.00 | 19,185.59 | 192,717.00 |
| 06/28/2006 | ACCRUED INTEREST | 1,568.14 | 20,753.73 | |
| 06/28/2006 | PAYMENT | 450.00 | 20,303.73 | 192,717.00 |
| 07/26/2006 | ACCRUED INTEREST | 1,330.54 | 21,634.27 | |
| 07/26/2006 | PAYMENT | 450.00 | 21,184.27 | 192,717.00 |
| 08/28/2006 | ACCRUED INTEREST | 1,568.14 | 22,752.40 | |
| 08/28/2006 | PAYMENT | 450.00 | 22,302.40 | 192,717.00 |
| 09/26/2006 | ACCRUED INTEREST | 1,378.06 | 23,680.46 | |
| 09/26/2006 | PAYMENT | 450.00 | 23,230.46 | 192,717.00 |
| 10/26/2006 | ACCRUED INTEREST | 1,425.58 | 24,656.04 | |
| 10/26/2006 | PAYMENT | 450.00 | 24,206.04 | 192,717.00 |
| 11/28/2006 | ACCRUED INTEREST | 1,568.14 | 25,774.18 | |
| 11/28/2006 | PAYMENT | 450.00 | 25,324.18 | 192,717.00 |
| 12/27/2006 | ACCRUED INTEREST | 1,378.06 | 26,702.23 | |
| 12/27/2006 | PAYMENT | 450.00 | 26,252.23 | 192,717.00 |
| 01/26/2007 | ACCRUED INTEREST | 1,425.58 | 27,677.81 | |
| 01/26/2007 | PAYMENT | 450.00 | 27,227.81 | 192,717.00 |
| 02/27/2007 | ACCRUED INTEREST | 1,520.62 | 28,748.43 | |
| 02/27/2007 | PAYMENT | 450.00 | 28,298.43 | 192,717.00 |
| 03/27/2007 | ACCRUED INTEREST | 1,330.54 | 29,628.97 | |
| 03/27/2007 | PAYMENT | 450.00 | 29,178.97 | 192,717.00 |
| 04/26/2007 | ACCRUED INTEREST | 1,425.58 | 30,604.55 | |
| 04/26/2007 | PAYMENT | 450.00 | 30,154.55 | 192,717.00 |
| 05/29/2007 | ACCRUED INTEREST | 1,568.14 | 31,722.68 | |
| 05/29/2007 | PAYMENT | 450.00 | 31,272.68 | 192,717.00 |
| 06/26/2007 | ACCRUED INTEREST | 1,330.54 | 32,603.22 | |
| 06/26/2007 | PAYMENT | 450.00 | 32,153.22 | 192,717.00 |
| 03/15/2008 | ACCRUED INTEREST | 12,497.57 | 44,650.79 | |
| | | | | TOTAL DUE |
| 03/15/2008 | ENDING BALANCE | | 44,650.79 | 192,717.00 | 237,367.79 |

NOTE - DHHS DOES NOT INCLUDE COURT COSTS AND ATTORNEY FEES ENTERED ON LENDER'S JUDGMENTS
NOTE - CALC BASED ON DATE AND AMOUNT PAID ON LENDER'S CLAIM



EXHIBIT A

# FEDERAL HEAL CONSOLIDATION LOAN APPLICATION/PROMISSORY NOTE
## PNC BANK, N.A.
Pennsylvania Higher Education Assistance Agency
P.O. Box 8176, Harrisburg, PA 17105-8176   Telephone 1-800-756-5430

September 25, 1996

606484 00239

199605090006

WARNING: Any person who knowingly makes a false statement or misrepresentation in a Federal HEAL transaction, bribes or attempts to bribe a Federal official, fraudulently obtains a Federal HEAL loan or commits any other illegal action in connection with a Federal HEAL Consolidation loan is subject to a fine or imprisonment under Federal statute.

### SECTION I - TO BE COMPLETED BY APPLICANT

**1. SOCIAL SECURITY NO.:** 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
**2A. NAME (Last, First, MI):** ARZU, LUIS A
**2B. OTHER NAME USED (First, Middle, Last):**

PHEAA

**3. CURRENT ADDRESS (Street):** 155 NORTH MASON STREET   (Apartment Number):
**5. DRIVER'S LICENSE NUMBER:** State: IL   No: A62052156144
**(City):** CHICAGO   **(State):** IL   **(Zip):** 60644-

1996 OCT -5 AM 10:29
ALTERNATIVE LOANS

**6. CITIZENSHIP STATUS:** X A. U.S. Citizen   ___ B. U.S. National   ___ C. Permanent Resident   ___ D. Other
If you checked "C" or "D" attach a copy of your I-151 or I-551 ("green card") and complete item 7.

**TELEPHONE (Area Code - Number):** Home: 312-287-3507   Office: 312-486-8787

**7. U.S. PERMANENT RESIDENT:** Country: ___   Registration No.: ___

**8. REPAYMENT STATUS (Check one):** ___ A. Grace   ___ B. Internship/Residency   ___ C. Deferment   ___ D. Forbearance   X E. Repayment

**9. SCHOOL AND GRADUATION INFORMATION:** (Check one)  X Graduated   ___ Withdrew
School Attended: 024646 LOYOLA COLL OF DEN.   Discipline: DEN Dentistry   Graduation/Withdrawal Date: 05/15/1988

**10A. NAME OF PARENTS (OR GUARDIANS) OR IF DECEASED, NEAREST LIVING RELATIVE OTHER THAN SPOUSE OR SPOUSE'S PARENTS.**

| Name and relationship to you | Address (Include Number, Street, City, State, & Zip) | Telephone Number |
|---|---|---|
| ADOLFO ARZU | 3249 WEST LEMOYE AVENUE, CHICAGO, IL 60651- | 312-772-0576 |

**10B. NAME OF SPOUSE AND TWO LIVING ADULT RELATIVES OTHER THAN PERSONS LISTED ABOVE.**

| Name and relationship to you | Address (Include Number, Street, City, State, & Zip) | Telephone Number |
|---|---|---|
| CYNTHIA G ARZU | 155 NORTH MASON STREET, CHICAGO, IL 60644- | 312-287-3507 |
| DENISE DISERA | 3 FIRST NATIONAL PLAZA, 70 WEST MADISON STREET, CHICAGO, IL 60X | 312-214-3272 |

**11. EMPLOYER INFORMATION**
Name: SELF-EMPLOYED   Address: 3722 WEST FULLERTON AVE., CHICAGO, IL 60647   Phone: 312-486-8787

**12. ARE YOU DELINQUENT ON THE REPAYMENT OF ANY FEDERAL DEBT(S)?** ___ NO   X YES   If "YES" please provide a written explanation on a separate sheet of paper and attach to application.

**13. HAVE YOU EVER DEFAULTED OR ARE YOU NOW IN DEFAULT ON ANY LOAN (COMMERCIAL, EDUCATION, ETC.) OR OTHER OBLIGATIONS?** X NO   ___ YES   If "YES" refer to instructions in item 12.

**14. ESTIMATED BALANCE OF OTHER EDUCATIONAL LOANS:** $ 66,098.89
**15. ESTIMATED BALANCE OF OTHER DEBTS:** $ 15,000.00
**16. ANNUAL INCOME:** $ 23,477.00

**17. FEDERAL HEAL INDEBTEDNESS:** Please answer as accurately as possible. If you have more than 8 loans to be combined provide information about them on a separate sheet. Federal HEAL information may be found on your monthly billing statement or by calling your lender/holder.

| Current Holder/Lender | Servicer | Original Principal | Date Disbursed (Mo/Day/Yr) | Interest Rate | Approximate Current Principal |
|---|---|---|---|---|---|
| 1. SALLIEMAE | LSC | $ 3,410.00 | 10/29/92 | 8.750 % | $ 4,072.75 |
| 2. SALLIEMAE | LSC | $ 9,376.00 | 10/23/91 | 8.750 % | $ 12,017.75 |
| 3. SALLIEMAE | LSC | $ 9,290.00 | 03/19/90 | 8.750 % | $ 12,832.73 |
| 4. SALLIEMAE | LSC | $ 6,500.00 | 03/07/90 | 8.750 % | $ 5,311.00 |
| 5. SALLIEMAE | LSC | $ 1,500.00 | 05/30/89 | 8.750 % | $ 2,387.72 |
| 6. SALLIEMAE | LSC | $ 2,200.00 | 01/07/86 | 8.750 % | $ 5,040.65 |
| 7. SALLIEMAE | LSC | $ 17,800.00 | 09/27/85 | 9.375 % | $ 44,191.86 |
| 8. SALLIEMAE | LSC | $ 15,000.00 | 08/15/83 | 9.375 % | $ 47,846.21 |

Have you attached additional Federal HEAL information? ___ YES ___ NO   ESTIMATED TOTAL FEDERAL HEAL DEBT   $ 133,700.67

This Application/Promissory Note represents a consolidation of all of my Federal HEAL loans, as identified above. The word "Note" refers to this Application/Promissory Note. In this Note, the words "I", "me" or "my" refer to the Borrower whose signature appears below. The word "Lender" refers to PNC Bank, N.A. or any subsequent holder to whom this Note is assigned. "Loan" refers to the Federal HEAL Consolidation Loan which the Lender is making to me.

### PROMISE TO PAY
I promise to pay PNC Bank, N.A., the Lender, or its agent, Pennsylvania Higher Education Assistance Agency (PHEAA), or the subsequent holder of this Note, the Principal Amount advanced on my behalf, as described below, plus interest on the principal, according to a repayment schedule described under Repayment in this Note. If I fail to pay all of a required installment payment or fail to provide written evidence that verifies eligibility for deferment or forbearance of a Loan payment within 30 days after the payment due date I will pay a late charge to the Lender equal to 5% of the unpaid portion of the payment due, plus all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and that are necessary for the collection of any amount not paid when due.
I understand that the amount of my Loan will be based on the amount required to pay-off balances of my existing Federal HEAL loans which are being paid-off by the Loan, which pay-off amount will be provided by the creditors of such loans and may exceed the estimate of such pay-off balances.

### DETERMINATION OF "PRINCIPAL AMOUNT"; CONSUMMATION OF LOAN
After the Lender approves a Federal HEAL Consolidation loan, and after I have signed this Note and returned the Note to the Lender, the Lender will determine the balance of the Loan. Then the Lender will send a Disclosure Statement to me which will explain the principal amount, interest rate, payment schedule, consolidation date and other information concerning the Loan. My Federal HEAL Consolidation Loan will be considered "consummated" when my Lender, or its agent, advances funds on my behalf to all my creditors who currently hold my Federal HEAL loans named on this Note in order to pay-off these loans on my behalf. I understand that the Loan will not be considered to be extended or consummated until approved and until the consolidation date as shown on my Disclosure Statement. I will review my Disclosure Statement upon receiving it and will contact the Lender or its agent prior to the consolidation date if I have any questions.

EXHIBIT B

GENERAL

The terms of this Note shall be construed according to Federal law (42 U.S.C. 292-292p) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the Lender. Except to the extent that Federal law applies, the laws of the State of Illinois will apply to this Note in all respects, excluding conflict of law provisions.

CERTIFICATION BY BORROWER

I hereby certify by my signature that the information contained on this Note is true, complete and correct to the best of my knowledge and belief and   1) That I have graduated from an eligible Federal HEAL school and all my loans are listed.   2) That I select the Federal HEAL Loan Consolidation Program and request that the Lender, and PHEAA, Agent for the Lender, consolidate my Federal HEAL loans under this program on my behalf, and I am requesting the Lender, and PHEAA its Agent, to rely on my good faith certification of the above and to begin processing all my Federal HEAL loans.   3) That I have not completed a Federal HEAL consolidation plan agreement with another lender.   4) That I authorize my current Federal HEAL loan lender/holder to release any Federal HEAL loan information requested by the consolidating Lender, or its agent, for the purpose of verifying student loan information, in   order that I may consolidate my Federal HEAL loans into a Federal HEAL Consolidation Loan. This information is for the use of the lender in consolidating my Federal HEAL loans. I have read, understand and agree to the terms of the "Borrower's Rights" statement and the "Borrower's Responsibilities" statement contained herein. I have been informed of the actions the Lender/holder and the Federal government can take in the event that I fail to meet scheduled payments. I also authorize the Lender and PHEAA its Agent, or any subsequent holder to check my credit history, and to discuss my credit history with my lenders and to share any information concerning my Federal HEAL loans that my lender requests in connection with such loan consolidation. I authorize my lender and its agent to use information on this Note for obtaining my address. I hereby authorize PNC Bank, N.A., its agent, subsequent holders and the guarantor to disclose, discuss and make inquiries regarding any information relating to this application and the Loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer, or collection of the Loan. The information about my application and my Loan account may be furnished and shared during the life of the Loan with subsequent holders of the Loan, contractors and agents who assist PNC Bank, N.A., subsidiaries and affiliates of Lender, credit bureaus, parents or relatives listed on the Loan application, guarantor, federal or state agencies or private parties who may be able to provide information necessary for the processing of my loan application or to assist in the servicing or collection of the loan, and others who require PNC Bank, N.A. to verify the condition and existence of my Loan. I understand I will be sent a disclosure and will have the option to choose my repayment plan after my Loan is disbursed. I agree that all proceeds from the Loan will be used solely to repay existing Federal HEAL loans. By signing this Note below I acknowledge and certify that I have received an exact copy of pages two through four of this Note with all applicable blanks filled in; the additional terms on pages two, three and four of this Note, any addendum sheets, and the Disclosure Statement, which I will receive later, are part of this Note, and intending to be legally bound, I have read, understand, and agree to the terms on all pages of this Note. A copy of this authorization may be deemed to be an original.

SIGNATURE OF BORROWER: X _[signature]_     DATE: Sept. 29, 1995

READ BORROWER'S RIGHTS AND BORROWER'S RESPONSIBILITIES ON REVERSE SIDE OF THIS APPLICATION.

LENDER COPY

The Lender and I further understand and agree that:

## NOTIFICATION

I must immediately notify the Lender in writing if any of the following occurs to me before the loan is repaid in full: 1) change of address, 2) name change (e.g., maiden name to married name), 3) failure to begin any activity eligible for deferment status, or 4) cessation of participation in an activity eligible for deferment status.

## INTEREST

1. Interest accrues on the unpaid principal balance of the Loan from the date the Loan is consummated. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. During the period of the Loan prior to any repayment period, interest which has accrued and is not paid may be added to the principal amount of this Loan at the beginning of any repayment period.

2. During the period of the Loan prior to any repayment period, interest shall be charged on the unpaid principal balance at a simple interest rate which will fluctuate at a rate calculated by the Secretary of the Department of Health and Human Services (Secretary) for each calendar quarter based on the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned for the quarter plus and one tenth of one percent (3.10%), rounding this figure up to the next highest one-eighth of one percent.

## PREPAYMENT

I may, at my option and without penalty, prepay all or any part of the principal and accrued interest at any time.

## REPAYMENT

1. Repayment shall be made in monthly installments over a repayment period which starts the first day of the tenth month after the month in which:

(A) I cease to be a full-time student at a HEAL school,
(B) (1) I cease to be a participant in an accredited internship or residency program of not more than four years in duration, or
    (2) I complete the fourth year of an accredited internship or residency program of more than four years in duration, or
(C) I cease to be a participant in a fellowship training program not in excess of two years or a participant in a full-time educational activity not in excess of two years which
    (1) is directly related as defined in program regulations to the health profession for which I prepared at a HEAL school, and
    (2) in which I may engage during a two-year period which begins within twelve months after I complete my participation in an internship or residency program described in clause (B)(1) or clause (B)(2) of this paragraph or before I complete my participation in such an internship or residency program.

2. The terms and period of repayment will be calculated by the Lender. The repayment period shall not be less than ten years nor more than twenty-five years, as determined by the Lender, and shall exclude any periods of DEFERMENT or FORBEARANCE. The entire period of repayment, including deferment or forbearance may not exceed more than thirty-three years from the date this Loan is consummated.

3. Between thirty days but not more than sixty days before my repayment period is scheduled to begin, I will contact the Lender to establish the precise terms of my repayment. I may select a monthly repayment schedule with substantially *equal* installments, a monthly repayment schedule with *graduated* installments that increase in amount over the repayment period, or a monthly repayment schedule with payments that are based on my income during the first five years of repayment, with substantially equal monthly payments over the remaining term. If I do not contact the Lender and do not respond to contacts from the Lender, the Lender will calculate the monthly repayment schedule based on substantially equal installment payments.

4. The Lender may calculate the repayment schedule and provide me with notice of it prior to the beginning of the repayment period. The Lender or its agent may recalculate the schedule of payments annually so as to amortize the balance of principal, interest and other charges over the remaining repayment term of the Loan. The Lender will provide me with the revised schedule. I understand that prior to the first scheduled payment under the repayment schedule, as revised by the Lender from time to time, the Loan must be repaid in accordance with the revised schedule.

## DEFERMENT

1. Monthly installments of principal and interest need not be paid, but interest shall accrue:

(A) When I am carrying a full-time course of study at a HEAL school or at an institution of higher education eligible to participate in the Federal Stafford Loan Program.

(B) When I am participating in a fellowship training program or full-time educational activity for not in excess of two years as described in paragraph 1 under REPAYMENT above.

(C) Not in excess of three years for each of the following when I am:
   (1) a member of the Armed Forces of the United States;
   (2) in service as a volunteer under the Peace Corps Act;
   (3) in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; or
   (4) a member of the National Health Service Corps;

(D) Not in excess of four years when I am a participant in an accredited internship or residency program. Except that this limitation of four years also includes any period of deferral of the onset of the repayment period for participation in an internship or residency program.

(E) Not in excess of one year, if I received the loan while enrolled in a school of chiropractic and I graduated from a school of chiropractic; and

(F) Not in excess of three years, when I have completed an accredited internship or residency training program in osteopathic general practice, family medicine, general internal medicine, preventive medicine, or general pediatrics, and am practicing primary care.

To receive a deferment, including a deferral of the onset of the repayment period, I must submit to the Lender, at the onset of the activity and annually thereafter, submit to the Lender evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the Lender with all required information or other information regarding the requested deferment.

## DEATH/DISABILITY

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be canceled in accordance with applicable Federal statute and regulations.

## FORBEARANCE

I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments on my Loan and I continue to repay the Loan in an amount commensurate with my ability to repay the Loan, unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender must exercise forbearance in accordance with terms that are consistent with the thirty-three year limitation on the length of repayment if the lender and the borrower agree in writing to the new terms. Each forbearance period may not exceed six months and the total period of forbearance (with or without interruption) granted to me must not exceed two years unless an extension is granted by the Secretary. During any period of forbearance, interest will accrue as described under INTEREST above.

## DEFAULT

My Loan will be in default if any of the following occur: (1) I do not make any payment when it is due; (2) I break any promise made in this Note; (3) the Lender discovers any false or misleading statement in or in any other information I have given the Lender. After a default occurs, the Lender may declare the entire balance of principal, interest and other charges which I owe under this Note immediately due and payable. The Lender may then take action to collect the Loan balance including: (a) bringing a lawsuit

from the Internal Revenue Service through the Secretary.

If I do not make payments when due the Federal Government may take over my loan and I would then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal

For valuable consideration, the receipt of which is hereby acknowledged, the undersigned does hereby assign, transfer ... its claim of

2. During the period of the Loan prior to any repayment period, interest shall be charged on the unpaid principal balance at a simple interest rate which will fluctuate at a rate calculated by the Secretary of the Department of Health and Human Services ("Secretary") for each calendar quarter based on the average of the ...

5. If my Loan becomes delinquent the Lender will notify an appropriate consumer credit reporting agency as described under Credit Reporting Agency below , and take any action described under Default below and any other action permitted under applicable law.

**CREDIT REPORTING AGENCY**

The Lender must disclose my Loan, and any other relevant information, to one or more national consumer credit reporting agencies. If I am more than sixty days past due in making a scheduled payment, the Lender will notify an appropriate consumer credit reporting agency of my past due status, which will adversely affect my credit rating, and provide the credit reporting agency any other relevant information.

... Volunteer Service Act of 1973; or

(4) a member of the National Health Service Corps;

... Not in excess of four years when I am a participant in an accredited ...

referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments for health services under any Federal loan to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).

Any HEAL school or post-graduate training program I have attended may assist in the collection of my Loan, including providing information concerning me to the Secretary and to past and present lenders and holders of my Federal HEAL loans.

Page 2

... of all of my Federal HEAL loans, ... to the Borrower whose signature appears below. The word "Loan" refers to the Federal HEAL